**Velma HIBBLER, Plaintiff-Appellant,**

**v.**

**MILLER'S OF BIRMINGHAM BANK-HEAD HIGHWAY, INC., Defendant-Appellee.**

No. 74–1320

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

July 1, 1974.

Rehearing Denied Aug. 2, 1974.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

Wholesale, and Department Store Union, AFL–CIO, with whom the Store had a collective bargaining agreement. Although the complaint contained no averments against the Union, the motion was granted. Thirty days were allowed for the filing of an amended complaint. The amended complaint was likewise dismissed for failure to join the Union as previously ordered by the Court. The record, however, is bereft of any indication that the second dismissal was entered as a sanction for failure to comply with the prior order.

In the absence of such an indication, and considering that the complaint prayed for no relief against the Union, we are of the opinion that neither the first nor the second orders of dismissal should have been entered.

Accordingly, we reverse the judgment of the District Court and remand the case for further proceedings.

Reversed and remanded.

David H. Coar, Birmingham, Ala., for plaintiff-appellant.

J. Roy Weathersby, Atlanta, Ga., James L. North, Birmingham, Ala., for defendant-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM.

This litigation began as a class action suit praying for declaratory and injunctive relief as to alleged racial employment practices on the part of Miller's Department Store, the defendant-appellee.

■■ The defendant moved to dismiss the complaint for failure to join as an indispensable party the Retail,